# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: P.C., K.W., & N.C.

No. 14-1026 (Webster County 14-JA-27 through 14-JA-29)

FILED

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father G.C., by counsel Christopher Moffatt, appeals the Circuit Court of Webster County's September 15, 2014, order terminating his parental rights to P.C. and his custodial rights to N.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Snead, filed a response on behalf of the children in support the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights to P.C. and his custodial rights to N.C.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, the DHHR filed an abuse and neglect petition alleging that petitioner was operating a clandestine methamphetamine drug lab and abused drugs. After successfully completing an improvement period, the case was dismissed. In May of 2014, the DHHR filed another abuse and neglect petition alleging that petitioner abused and neglected the children. According to the petition, petitioner was addicted to or abused drugs which affected his ability to provide for the health, safety, and welfare of the children. The abuse and neglect proceeding was initiated after Child Protective Services ("CPS") and the West Virginia State Police discovered that petitioner was operating a clandestine methamphetamine lab in his home. As a result of the investigation, petitioner was arrested for operating a clandestine drug lab and conspiracy. Later that month, the circuit court held a preliminary hearing, which petitioner waived.

In July of 2014, the circuit court held an adjudicatory hearing during which the circuit court heard testimony that petitioner manufactured methamphetamine in the home while the children were present. The circuit court adjudicated petitioner as an "abuse and neglectful" parent for failing to provide the children with a suitable home and that his conduct threatened the

---

[1]Petitioner is not the biological father of K.W. As such, petitioner only appeals the circuit court's rulings in regard to P.C. and N.C., and the Court addresses only these children in this memorandum decision.

1

health, safety, and welfare of the children. On August 5, 2014, the circuit court held a dispositional hearing. During the hearing, a DHHR worker testified that despite receiving services during his 2007 abuse and neglect proceedings, petitioner continued to operate a clandestine methamphetamine drug lab in his home.[2] Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated his parental rights to P.C. and his custodial rights to N.C. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental and custodial rights.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights to P.C. and his custodial rights to N.C. due to his incarceration. Petitioner also asserts that he was likely to correct the conditions of abuse and neglect because he successfully completed an improvement period in his prior abuse and neglect proceeding. This Court has stated

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *Id.* Our opinion in *In re Cecil T.* also recognized that we "never held that incarceration can not [sic] be the sole basis for terminating parental rights." *Id.* at 96, 717 S.E.2d at 880.

---

[2]Petitioner was convicted and sentenced for operating a clandestine drug lab in his home, which carries a term of incarceration of two to ten years.

Upon review, this Court finds no merit to petitioner's argument. The record shows that the circuit court relied upon several factors in terminating petitioner's parental and custodial rights that were not related to petitioner's incarceration. The circuit court also considered petitioner's prior criminal history, which included a conviction of possession with intent to deliver a controlled substance, and petitioner's prior abuse and neglect history, which consisted of the same circumstances as the current proceedings. Petitioner also testified that despite successfully completing an improvement period in his prior abuse and neglect proceedings that he had been using methamphetamine for several years. As such, we find that the circuit court did not base termination of petitioner's parental rights solely upon petitioner's incarceration and did not violate the principles established in *In re Cecil T.*

Petitioner also argues that prior to terminating his parental rights to P.C. and his custodial rights to N.C. the circuit court failed to consider the bond he had with his children and the children's wishes. This Court finds no merit in petitioner's argument. "[T]he [circuit] court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." W.Va. Code § 49-6-5(a)(6)(C). As it relates to N.C., the circuit was not required to consider N.C.'s wishes because the circuit court did not terminate petitioner's parental rights to N.C. Furthermore, the guardian testified as to N.C.'s desire to continue his relationship with petitioner. As to P.C., the circuit court was not required to consider the child's wishes because she was only seven years old at the time of the proceedings. Further, the record is devoid of any evidence to show that P.C. was of an appropriate age of discretion. Therefore, based on the circumstances of this case, we find no error to warrant reversal.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 15, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II